UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) No. 16-Cr-10251-DJC |
| ANGEL MORALES, et al., | ) |
| | ) |
| Defendants. | ) |

### INITIAL STATUS REPORT PURSUANT TO LOCAL RULE 116.15(a)

Pursuant to Local Rule 116.5(a), the United States, by its undersigned counsel, respectfully submits the following status report regarding the above-captioned matter, which is set for an initial status conference on Tuesday, October 11, 2016. Government counsel circulated a draft of this status report to defense counsel, and both counsel advised that they are in agreement with the report.

The defendants in this case are charged with various counts of conspiring to distribute cocaine in violation of 21 U.S.C. § 846 (Count One – both defendants); possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count Two – MORALES); and illegal possession of ammunition in violation of 18 U.S.C. § 922(g)(1) (Count Three – MORALES).

### I. Status of Automatic Discovery

The United States has produced Automatic Discovery materials. Those materials are voluminous and total more than 8,000 pages. These materials include, *inter alia*, fifteen search or tracking warrants; business records from various sources; location data pertaining to a cellular telephone obtained pursuant to search warrant; GPS tracker data obtained pursuant to search warrant; surveillance and investigation reports; video surveillance obtained from security cameras; evidence obtained via searches of various locations, parcels, and cellular telephones;

and photographs.  The United States also has made available to the defendants for inspection and copying a substantial quantity of other materials, including, but not limited to, telephone tolls; physical materials recovered during the execution of searches; abandoned trash that was recovered at various times during the course of the investigation; and surveillance footage obtained from various cameras.

## II.     Additional Discovery

The United States anticipates that it will be making forensic analyses of two seized cellular telephones that were received at the end of last week available to counsel in the very near future.  The United States anticipates that there may be a small amount of additional materials to be produced and/or made available as it continues to review its files.  The United States is endeavoring to complete this review within the next three weeks.  The United States understands that it has an ongoing and continuing duty to produce discovery.

## III.    The Timing of Additional Discovery Requests

Defendants' counsel require time to review the discovery materials that were provided, as well as the other discovery materials that are being made available, before making any discovery requests.  The United States has no objection to this Court granting counsel additional time and recommends that the Court schedule an interim status conference in 60 days to determine whether any additional time is needed for review.  To the extent that the defendants are afforded relief from the timing requirements, the United States requests similar relief.

## IV.    Protective Order

There are no protective orders and the parties do not anticipate requesting any at this time.

## V. Pretrial Motions

The United States believes that it is too early to establish a motion date and requests that a motion date be set at the next interim status conference.

## VI. Timing of Expert Disclosures

The United States believes that it is premature at this time to require the production of expert discovery pursuant to Fed. R. Crim. P. 16(a)(1)(G) and that such production should be required if it is determined that a trial or any other hearing will be necessary where the United States will present expert witnesses. The United States understands that the defendants reserve the right to request discovery concerning expert witnesses under Fed. R. Crim. P. 16(a). To the extent that expert discovery is requested by the defendants, the United States requests reciprocal discovery.

## VII. Periods of Excludable Delay

As set forth in the Court's Order dated September 1, 2016 (ECF Dkt. 22) and September 16, 2016 (ECF Dkt. 27), the Court has excluded under the Speedy Trial Act the time period from August 31, 2016, through October 11, 2016. To date, therefore, there have been no non-excludable days under the Speedy Trial Act.

## VIII. Scheduling Matters

Counsel for the defendants are in the process of evaluating the Automatic Discovery materials. Government counsel and counsel for the defendants are also exploring whether this matter may be resolved prior to trial. The parties believe it would be appropriate to schedule an interim status conference in 60 days.

The United States submits that the Court should exclude the time between October 11, 2016, and the next interim status conference under the Speedy Trial Act, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(i) and 3161(h)(7)(B)(iv) due to the voluminous discovery that has already been produced; the fact that counsel for the defendants need additional time to review discovery materials, to evaluate the filing of pretrial motions, and to explore the potential disposition of the charges short of trial; and the potential for pretrial litigation should the case proceed to trial.   Given the existence of these factors, the ends of justice served by granting defense counsel sufficient time to review discovery materials is necessary for effective preparation and outweighs the best interests of the public and the defendants in a speedy trial.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:   /s/ James E. Arnold
James E. Arnold, DCBN 426040
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3603
James.Arnold@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ James E. Arnold
JAMES E. ARNOLD
Assistant U.S. Attorney

Dated: October 4, 2016.