# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) Criminal No.: 16-10251-DJC |
| | ) |
| v. | ) VIOLATIONS: |
| | ) |
| 1. ANGEL MORALES and | ) 21 U.S.C. § 846 – |
| 2. ROBERTO FONSECA-RIVERA, | ) Conspiracy to Possess with Intent to |
| | ) Distribute and to Distribute Cocaine |
| Defendants. | ) |
| | ) 21 U.S.C. § 841(a)(1) – |
| | ) Possession with Intent to Distribute Cocaine |
| | ) |
| | ) 18 U.S.C. § 922(g)(1) – Felon in Possession of |
| | ) Firearm and Ammunition |
| | ) |
| | ) 21 U.S.C. § 853– Drug Forfeiture Allegation |
| | ) |
| | ) 18 U.S.C. § 924(d) & 28 U.S.C. § 2461(c)– |
| | ) Firearm and Ammunition Forfeiture |
| | ) Allegation |

## SUPERSEDING INDICTMENT

**COUNT ONE**:   (Title 21, United States Code, Section 846 – Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine)

The Grand Jury charges that:

From a time unknown, but from no later than in or about February 25, 2016, and continuing through on or about July 19, 2016, at Canton, Stoughton, Randolph, Quincy, Weymouth, and elsewhere in the District of Massachusetts, and elsewhere,

    1. **ANGEL MORALES** and
    2. **ROBERTO FONSECA-RIVERA,**

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree

with one another and with others known and unknown to the Grand Jury, to possess with intent to distribute, and to distribute, Cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

**COUNT TWO**:  (Title 21, United States Code, Section 841(a)(1) – Possession with Intent to Distribute Cocaine)

The Grand Jury further charges that:

On or about July 19, 2016, at Stoughton in the District of Massachusetts,

### 1. ANGEL MORALES,

defendant herein, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of Cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

**COUNT THREE**:   (Title 18, United States Code, Section 922(g)(1) – Felon in Possession of Firearm and Ammunition)

The Grand Jury further charges that:

On or about July 19, 2016, at Stoughton, in the District of Massachusetts,

### 1. ANGEL MORALES,

defendant herein, having previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm – to wit, a Smith & Wesson, Model M&P 40, .40 S&W caliber pistol, bearing serial number HPN1406 – and ammunition – to wit, 40 rounds of Smith & Wesson .40 caliber ammunition, manufactured by CCI/Speer Operations, Lewiston, Idaho.

All in violation of Title 18, United States Code, Section 922(g)(1).

## DRUG FORFEITURE ALLEGATION
## (21 U.S.C. § 853)

The Grand Jury further finds probable cause to believe that:

1.  Upon conviction of one or more of the offenses in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846, set forth in Counts One and Two of this Indictment,

    **1. ANGEL MORALES and**
    **2. ROBERTO FONSECA-RIVERA,**

defendants herein, shall forfeit to the United States, jointly and severally as to Count One only, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such offenses; and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses. The property to be forfeited includes, but it is not limited to, the following:

    a)    $11,900 in United States currency, seized on or about July 19, 2016, from Stoughton, Massachusetts;

    b)    one Smith & Wesson, Model M&P 40, .40 S&W caliber pistol, bearing serial number HPN1406, seized on or about July 19, 2016, from Stoughton, Massachusetts;

    c)    40 rounds of Smith & Wesson .40 caliber ammunition, manufactured by CCI/Speer Operations, Lewiston, Idaho, seized on or about July 19, 2016, from Stoughton, Massachusetts; and

    d)    a sum of money equal to the total amount of proceeds traceable to the offenses alleged in Counts One and Two of this Indictment, which may be entered in the form of a forfeiture money judgment.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants –

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

## FIREARM AND AMMUNITION FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The Grand Jury further finds probable cause to believe that:

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 922(g)(1), set forth in Count Three of this Indictment,

### 1. ANGEL MORALES,

defendant herein, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offense. The property to be forfeited includes, but is not limited to, the following:

   a) One Smith & Wesson, Model M&P 40, .40 S&W caliber pistol, bearing serial number HPN1406; and

   b) 40 rounds of Smith & Wesson .40 caliber ammunition, manufactured by CCI/Speer Operations, Lewiston, Idaho, seized on or about July 19, 2016, from Stoughton, Massachusetts.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant –

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the Court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
JAMES E. ARNOLD
Assistant United States Attorney

DISTRICT OF MASSACHUSETTS        May 3, 2017

Returned into the District Court by the Grand Jurors and filed.

_____
Deputy Clerk
5/3/17
12:06pm